**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**WESTERN DIVISION**

| | |
|---|---|
| LUPE HERNANDEZ, MATTHEW MASON, AND BROCK STRATTON, individually and on behalf of all others similarly situated,<br><br>v.<br><br>LOCHEND ENERGY SERVICES, INC. | Case No.: _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

### SUMMARY

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers – salaried Coil Tubing Supervisors, day-rate Flowback Supervisors, and hourly Assistants/Junior Supervisors/Operators – who did not receive the proper overtime compensation to which they were entitled during their employment with Lochend Energy Services Inc. (hereinafter "Lochend Energy").

2. According to its website, Lochend Energy is an oilfield services company that provides a complete line of coil tubing and flow back production testing for the oil and gas sector in both Canada and the United States.[1] Lochend Energy's Canadian headquarters are located in Alberta, Canada, and its United States' headquarters are located in Williston, North Dakota.

3. In order to offer its coil tubing and flow back services, Lochend employs several hundreds of non-exempt oilfield workers that work in the United States, such as Coil Tubing Supervisors, Flowback Supervisors, and Assistants/Junior Supervisors/Operators (collectively, "Oilfield Workers").

---

[1] *See* https://www.lochendservices.com/sevices.

4.      Plaintiffs and similarly situated Oilfield Workers work on the oil well sites and typically work at least 12-hour shifts, 7 days a week, for weeks at a time, all while in some of the harshest working conditions.

5.      Lochend Energy pays its Oilfield Workers on three types of compensation structures, all of which result in violations of the Fair Labor Standards Act ("FLSA") and corresponding state wage and hour laws.

6.      In this regard, Plaintiff Hernandez and similarly situated Coil Tubing Supervisors are paid with a salary and day rate without regard to the amount of hours they work in a given week.

7.      Despite this classification, Plaintiff Hernandez and other similarly situated Coil Tubing Supervisors have non-exempt primary duties.

8.      In this regard, Coil Tubing Supervisors have non-exempt primary duties that involve operating their trucks' equipment, rigging up and rigging down well sites, cleaning up job sites, helping Operators while on the job sites, and filling out routine end of day reports. Moreover, Coil Tubing Supervisors cannot hire or fire employees, nor are they involved in the interview process.

9.      As such, at all times relevant, Defendant has misclassified Coil Tubing Supervisors as exempt when they are in actuality non-exempt employees under the FLSA and corresponding state wage and hour laws.

10.     Second, Lochend Energy pays certain Flowback Supervisors, such as Plaintiff Mason, at a set daily rate, regardless of how many hours they worked ("Day-Rate Supervisors").

11.     Lochend Energy does not pay any additional amount of overtime compensation to Day-Rate Supervisors when they work over 40 hours in a workweek. As such, Defendant has failed to properly pay Day-Rate Supervisors the overtime compensation they are owed under the FLSA and corresponding state wage and hour laws

12. Third, Lochend Energy pays certain Flowback Supervisors and Assistants/Junior Supervisors/Operators, such as Plaintiff Stratton, at a fixed hourly rate of pay ("Hourly Workers").

13. In addition to their minimum 12-hour shifts on location, Hourly Workers are required to attend mandatory pre- and post-shift safety and "cross-over" meetings while on job sites. These pre- and post-shift safety and cross-over meeting last anywhere between 15 minutes to 1 hour twice a day. Hourly Workers are also required to spend a signature portion of their time traveling to and from job sites, on average between 30 minutes to 1.5 hours each way. Additionally, Hourly Workers are often required to first travel to Lochend Energy's offices/yards to prepare for their assigned jobs, and then travel out to the relevant job site.

14. Lochend Energy does not compensate Hourly Workers for these pre-and-post shift safety and cross over meetings. The purpose of these meetings are, among other things, to speak with incoming and outgoing work crews regarding the day's job plan, the status of the job plan, discuss any safety issues, address any mechanical issues, do a physical walk through of the job site, and assisting an incoming crew to be able to start their work. In sum, these pre-and-post shift meetings are integral and indispensable to Hourly Workers' principal job duties.

15. Lochend Energy also does not compensate Hourly Workers for the above travel time.

16. Plaintiffs brings this action on behalf of themselves and similarly situated current and former Oilfield Workers who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by Lochend Energy that have deprived Plaintiffs and similarly situated employees of their lawfully earned wages.

17. Plaintiffs also bring this action on behalf of themselves and similarly situated Oilfield Workers in North Dakota pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the North Dakota Admin. Code § 46-02-07-02(4) ("North Dakota Wage Law").

## JURISDICTION AND VENUE

18. This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

19. The proposed collective action includes a total number of plaintiffs in excess of 100.

20. Venue is proper in the District of North Dakota, the Minot Division, because Defendant performs business in this District and Plaintiffs performed work in this District.

## PARTIES

### Lupe Hernandez

21. Lupe Hernandez ("Hernandez") is an adult individual who is currently resident of the State of Utah.

22. Hernandez was employed by Lochend Energy as a Coil Tubing Supervisor from approximately August 2018 through August 2019.

23. At all relevant times, Hernandez was an "employee" of Lochend Energy as defined by the FLSA and North Dakota Wage Law.

24. At all relevant times, Lochend Energy was Hernandez's "employer" as defined in the FLSA and North Dakota Wage Law.

25. A written consent form for Hernandez is being filed with this Class and Collective Action Complaint.

### Matthew Mason

26. Matthew Mason ("Mason") is an adult individual who is currently resident of British Columbia, Canada.

27. Mason was employed by Lochend Energy as a Day-Rate Flowback Supervisor from approximately April 2018 to December 2019.

28. At all relevant times, Mason was an "employee" of Lochend Energy as defined by the FLSA and North Dakota Wage Law.

29. At all relevant times, Lochend Energy was Mason's "employer" as defined in the FLSA and North Dakota Wage Law.

30. A written consent form for Mason is being filed with this Class and Collective Action Complaint.

**Brock Stratton**

31. Brock Stratton ("Stratton") is an adult individual who is currently resident of the State of North Dakota.

32. Stratton was employed by Lochend Energy as an hourly-paid Flowback Supervisor from approximately January 2018 through March 2019.

33. At all relevant times, Stratton was an "employee" of Lochend Energy as defined by the FLSA and North Dakota Wage Law.

34. At all relevant times, Lochend Energy was Stratton's "employer" as defined in the FLSA and North Dakota Wage Law.

35. A written consent form for Stratton is being filed with this Class and Collective Action Complaint.

DEFENDANT

**Lochend Energy Services Inc.**

36. Lochend Energy Services Inc. has owned and operated all Lochend Energy offices and work sites work throughout the United States during the relevant time period.

37. Lochend Energy Services Inc. is a foreign business corporation organized and existing under the laws of Delaware.

38. The corporate headquarters for Lochend Energy Services Inc. is listed at 42 MCCOOL CRES, Crossfield, Alberta, Canada T0M050. Lochend Energy Services, Inc. lists as its registered agent Northwest Registered Agent Services, Inc. 3003 32nd Avenue S Suite 240, Fargo, North Dakota 58103.

39. Lochend Energy Services Inc. owns and operates offices located at 14480 Commerce Park Boulevard, Williston, North Dakota 58801 and 14472 Commerce Park Boulevard, Williston, North Dakota 58801.

40. At all relevant times, Lochend Energy Services Inc. has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

41. During their employment, Plaintiffs received paystubs and offer letters that list Lochend Energy Services Inc. as the corporate payor.

42. Lochend Energy Services Inc. has applied the same employment policies, practices, and procedures to all Oilfield Workers at their worksites throughout the United States.

43. At all times relevant, Lochend Energy Services Inc. has had an annual gross volume of sales in excess of $500,000.00.

## FACTS

44. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Lupe Hernandez**

45. Hernandez was employed by Lochend Energy as a Coil Tubing Supervisor from approximately August 2018 to August 2019. During this time, Hernandez was generally assigned to Lochend Energy job sites in and around the state of North Dakota.

46. During the course of his employment, Hernandez regularly worked over 40 hours per week. In this regard, Hernandez generally worked at minimum 12 hours on location for anywhere between 14 to 20 days at a time, generally followed by anywhere between 10 to 14 days off.

47. As a Coil Tubing Supervisor, despite regularly working over 40 hours per workweek, Defendant paid Hernandez with a salary and a day rate bonus, regardless of the number of hours worked.

48. Hernandez's primary duties as a Coil Tubing Supervisor are related to the operating and monitoring of oil wells.

49. In this regard, his primary duties were largely manual in nature, requiring him to perform physical work, such as assisting in rigging up and rigging down oilfield equipment, rebuilding pumps, changing oil, operating the controls on the coil truck, and filling out routine client/company checklists.

50. Hernandez was required to perform his job in strict compliance with Defendant's company policies.

51. Hernandez, as with the other non-exempt workers at the job site, was required to wear PPE, as his job is dangerous and constantly exposed him to various hazards, such as chemicals, sharp objects, and volatile working conditions. In addition, Hernandez, as with other non-exempt workers, is required to work throughout all weather conditions.

52. Hernandez did not have the authority to hire or fire employees.

53. Hernandez did not have the authority to interview applicants.

54. Upon information and belief, Defendant did not keep accurate records of hours worked by Hernandez and similarly situated employees

55. As such, Hernandez's primary job duties are non-exempt duties under the FLSA and North Dakota Wage Laws.

**Matthew Mason**

56.    Mason was employed by Lochend Energy as a Flowback Supervisor from approximately April 2018 to December 2019. During this time, Mason was generally assigned to Lochend Energy job sites in and around the state of North Dakota.

57.    During the course of his employment, Mason regularly worked over 40 hours per week. In this regard, Mason generally worked at minimum 12 hours on location for anywhere between 5 to 6 weeks at a time, followed by approximately 14 days off.

58.    As a Flowback Supervisor, despite regularly working over 40 hours per workweek, Defendant paid Mason with a flat day rate bonus, regardless of the number of hours worked. In this regard, Mason received a day rate of C$500 to C$550 per day. Mason did not receive any guaranteed salary and was paid solely on the shifts he worked.

59.    Mason's primary duties as a Flowback Supervisor were manual in nature and were the primary type of work Lochend Energy performs for its customers. In this regard, his primary duties were largely manual in nature, requiring him to perform physical work, such as driving to and from location, participating in drills outs, operating equipment in the flowback process, repairing machinery, and filling out routine client/company checklists.

60.    Mason was required to perform his job in strict compliance with Defendant's company policies.

61.    Mason, as with the other non-exempt workers at the job site, was required to wear PPE, as his job is dangerous and constantly exposed him to various hazards, such as chemicals, sharp objects, and volatile working conditions. In addition, Mason, as with other non-exempt workers, is required to work throughout all weather conditions.

62.    Mason did not have the authority to hire or fire employees.

63.    Mason did not have the authority to interview applicants.

64. Upon information and belief, Defendant did not keep accurate records of hours worked by Mason and similarly situated employees

65. As such, Mason's primary job duties are non-exempt duties under the FLSA and North Dakota Wage Laws.

**Brock Stratton**

66. Stratton was employed by Lochend Energy as a non-exempt Hourly Worker, specifically, a Flowback Supervisor, from approximately January 2018 through March 2019. During this time, Stratton was assigned to Lochend Energy's operations in the state of North Dakota

67. During the course of his employment, Stratton regularly worked over 40 hours per week. In this regard, Stratton was assigned to daily job shifts at least 12 hours in length while on location for approximately 30 days at a time, followed by approximately 14 days off. In addition to time spent on location, Stratton was required to travel anywhere between 30 minutes to 1.5 hours to and from job locations.

68. In addition to their minimum 12-hour shifts, Stratton and other Hourly Workers were required to attend mandatory pre- and post-shift safety and "cross-over" meetings while on job sites. These pre- and post-shift safety and cross-over meeting last anywhere between 15 minutes to 1 hour twice a day.

69. Defendant paid Stratton with an hourly rate of pay, specifically, between $17.00 to 21.00 per hour, along with truck pay of $50 per day, per diem of $50 per day, and mileage anywhere between $.85 to $1.20 per mile.

70. Lochend Energy did not compensate Stratton and other Hourly Workers for these pre-and-post shift safety and cross over meetings. The purpose of these meetings are, among other things, to speak with incoming and outgoing work crews regarding the day's job plan, the status of the job plan, discuss any safety issues, address any mechanical issues, do a physical walk through of the

job site, and assisting an incoming crew to be able to start their work. In sum, these pre-and-post shift meetings were integral and indispensable to Stratton's and other Hourly Workers' principal job duties.

71. Lochend Energy also did not compensate Stratton and other Hourly Workers for travel time to and from job locations. Specifically, Stratton would sometimes be required to first travel to Lochend Energy's offices/equipment yards to gather materials and supplies, and then drive to out to location.

72. Upon information and belief, Defendant did not keep accurate records of hours worked by Stratton and similarly situated employees

73. Lochend Energy failed to pay proper overtime compensation due to its policy and practice of not paying Stratton and similarly situated employees for all compensable time they worked.

## COLLECTIVE/CLASS ALLEGATIONS

74. Plaintiffs bring the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked for Lochend Energy as Coil Tubing Supervisors, Day-Rate Flowback Supervisors, and all other Hourly Workers company-wide who elect to opt-in to this action (the "FLSA Collective").

75. Plaintiffs brings the Second Cause of Action, an overtime claim under North Dakota Wage Law, on behalf of himself and all similarly situated persons who have worked as Coil Tubing Supervisors, Day-Rate Flowback Supervisors, and all other Hourly Workers who worked for Lochend Energy in North Dakota (the "North Dakota Class") (together, with the FLSA Collective, "Class Members").

76. Defendant is liable under the FLSA and North Dakota Wage Laws, for, *inters alia*, failing to properly compensate Plaintiffs and Class Members.

77. Consistent with Defendant's policies and patterns or practices, Plaintiffs and the Class Members were not paid the proper premium overtime compensation when they worked beyond 40 hours in a workweek.

78. All of the work that Plaintiffs and the Class Members have performed has been assigned by Defendant, and/or Defendant have been aware of all of the work that Plaintiffs and the Class Members have performed.

79. As part of their regular business practice, Defendant have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and North Dakota Wage Law, and with respect to Plaintiffs and the Class Members. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay its employees, including Plaintiffs and Class Members, premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

   b. willfully failing to record all of the time that their employees, including Plaintiffs and the Class Members, have worked for the benefit of Defendant.

80. Defendant's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying employees, paying employees on a day-rate basis without additional overtime pay, and failing to compensate hourly workers for all compensable time worked.

81. Defendant is aware or should have been aware that federal and state law required them to pay Plaintiffs and the Class Members overtime premiums for all hours worked in excess of 40 per workweek.

82. Plaintiffs and the Class Members perform or performed the same primary duties.

83. There are many similarly situated current and former Coil Tubing Supervisors, Day-Rate Flowback Supervisors, and Hourly Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

84. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

### FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

85. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

86. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the members of FLSA Collective.

87. Defendant failed to pay Plaintiffs and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay, which includes all total earnings per workweek, for all hours worked beyond 40 per workweek.

88. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective. As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

89. As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at

trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION

### North Dakota Wage Laws – Overtime Wages
### (Brought on Behalf of Plaintiffs sand the North Dakota Class)

90. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

91. The overtime provisions of the North Dakota Admin. Code - §46-02-07-02(4) - and its supporting regulations apply to Defendant and protect Plaintiffs and the North Dakota Class.

92. Defendant failed to pay Plaintiffs and the North Dakota Class the premium overtime wages to which they were entitled under North Dakota Admin. Code – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

93. Through their knowing or intentional failure to pay Plaintiffs and the North Dakota Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, Defendant willfully violated the North Dakota Admin. Code, § 46-02-07-02(4).

94. Due to Defendant's willful violations of the North Dakota Admin. Code, Plaintiffs and the North Dakota Class are entitled to recover from Defendant their unpaid overtime wages, applicable interest, liquidated damages, and reasonable attorneys' fees and costs pursuant to North Dakota Wage Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of the FLSA Collective and the North Dakota Classes, respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Coil Tubing Supervisors, Day-Rate

Flowback Supervisors, Hourly Workers, and other similarly situated workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Lochend Energy companywide. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

   B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

   C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

   D. Designation of Plaintiffs as representatives of the North Dakota Class and counsel of record as Class Counsel;

   E. Unpaid overtime wages and liquidated damages as permitted by law pursuant to North Dakota Wage Law;

   F. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

   G. Reasonable attorneys' fees and costs of the action; and

   H. Such other relief as this Court shall deem just and proper.

Dated: April 24, 2020

Respectfully submitted,

By: **/s/ David I. Moulton**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:     (713) 877-8788
Telecopier:    (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Armando A. Ortiz, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

**Attorneys for the Plaintiffs and Putative Collective and Class**